GOLDIE OIL & GAS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25281. Promulgated December 6, 1929.

*Perry W. Shrader, Esq.,* for the petitioner.
*Arthur Carnduff, Esq.,* for the respondent.

OPINION.

LANSDON: The respondent has asserted deficiencies in income and profits taxes for the years 1920 and 1921, in the respective amounts

of $3,786.22 and $169.98. The petitioner alleged many causes of action, but all were abandoned at the hearing except a claim for special assessment under the provisions of section 328 of the Revenue Act of 1918.

Petitioner is an Oklahoma corporation, with its principal office in Kansas City, Mo.

The parties submitted, and the Board accepts, the following stipulation:

> The invested capital of the petitioner at the beginning of operations, January 1, 1920, was $12,841.00; that the net income of the petitioner for the calendar year ended December 31, 1920, was $17,429.46; and that the net income of the petitioner for the calendar year ended December 31, 1921, was $2,736.26.
>
> The above facts and figures are stipulated for the purpose of submitting the appeal to the Board solely on the issue of special assessment under the provisions of sections 327 and 328 of the Revenue Act of 1918.

All causes of action pleaded by the petitioner, except the allegation that for the year 1920 it is entitled to have its taxes determined under the provisions of section 328 of the Revenue Act of 1918, were abandoned at the hearing. Notwithstanding the stipulation set forth above, petitioner contends that it is impossible to determine its invested capital for the year 1920, and also urges that in such year there were abnormalities in its income and invested capital that bring it within the provisions of section 327 of the Revenue Act of 1918.

Since the parties have stipulated that the petitioner's invested capital in 1920 was $12,841, it is obvious that there is no basis for the contention that such capital can not be determined. The only abnormality suggested is that the income for the taxable year was in excess of the invested capital. Large earnings alone are not proof of abnormalities in income or invested capital. *White House Milk Co.*, 2 B. T. A. 860; *Denver Powerine Co.*, 7 B. T. A. 1186. All allegations of error as to the deficiency for 1921 were abandoned at the hearing by counsel for the petitioner.

*Decision will be entered under Rule 50.*